IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| vs. | ) |
| | ) CR 12-09E |
| JOSEPH L. OLLIE, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court is Defendant Joseph L. Ollie's *pro se* "Motion for Ineffective Assistance of Counsel" ("Motion") and supporting exhibits. For numerous reasons, Defendant argues that he received ineffective assistance of counsel during the plea process.

As an initial matter, we find Defendant's Motion to be premature and will deny it on that basis. See U.S. v. White, 156 Fed.Appx. 506, *2 (3d Cir. 2005) (citing United States v. Jake, 281 F.3d 123, 132 n. 7 (3d Cir.2002) (where defendant who had pled guilty contended on direct appeal that his counsel's ineffective assistance invalidated his guilty plea, appellate court held "[w]e have stated repeatedly that Sixth Amendment claims of ineffective assistance of counsel should ordinarily be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255").

Additionally, even if we are incorrect when we conclude that Defendant's motion is premature, and we can analyze the Motion on its merits, we hold that the Motion should be denied. In Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S.Ct. 2052 (1984), the United States Supreme Court held that to state a claim for ineffective assistance of counsel, a defendant must show both "that counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." In other words, the defendant

must establish "prejudice." Id. at 692. The Court further held, in Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366 (1986):

> that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, [411 U.S. 258, 93 S.Ct. 1602 (1973)], and *McMann v. Richardson*, [397 U.S. 759, 90 S.Ct. 1441 (1970)]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Id. at 58-59 (footnote omitted). Here, we need not determine whether the first requirement is satisfied because a review of Defendant's contentions in his Motion show that he has clearly failed to satisfy the second, prejudice requirement. Simply stated, Defendant has not shown that there is a reasonable probability that, but for his counsel's enumerated alleged errors, see Motion, ¶¶ 15-22 on pp. 4-5, and ¶¶ 1-8 on pp. 5-8, he would not have pled guilty and would have insisted on going to trial.

AND NOW, this 17th day of January, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant Joseph L. Ollie's "Motion for Ineffective Assistance of Counsel" is DENIED. Because the Motion is premature and Defendant filed it *pro se*, we will deny without prejudice to raise the arguments contained in this Motion at a later, appropriate time in these proceedings.

Maurice B. Cohill, Jr.
Senior District Court Judge