IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CR 12-09E |
| | ) | CR 12-18E |
| | ) | |
| JOSEPH L. OLLIE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Joseph L. Ollie has two criminal cases currently before this Court: CR09E and CR18E. Pending before the Court is Defendant's "MOTION UNDER 28 U.S.C.§ 2255 REQUEST THAT BAIL BE GRANTED DUE TO INEFFECTIVE ASSISTANCE OF TRIALCOUSEL'S FAILURE TO FILE AN APPEAL AS REQUESTED TO DO SO" ("Motion") and Supporting Brief. Although represented by counsel, Defendant's Motion is filed *pro se.*

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Initially, given that Defendant is not challenging either his convictions or his sentences in the two cases brought against him, we find that this Motion is not properly brought pursuant to 28 U.S.C. § 2255. Rather than simply dismissing Defendant's Motion on this basis, however, because Defendant's motion involves his liberty interest we will treat it as a renewed request to be released from detention.

**I. Whether Defendant should be released because his attorney failed to appeal our Order of Detention.**

Defendant's first argument appears to be that he should be released from detention because he asked his defense counsel to appeal our detention order and counsel failed to do so. Supporting Brief, p. 3. We find that any failure on the part of defense counsel to appeal our detention order does not warrant the remedy of our ordering Defendant released.

**II. Whether Defendant should be released because this Court's determination that detention was warranted was not prompt.**

Defendant next argues he should be released because we waited too long to hold his detention hearing. Relevant to this issue with respect to the CR12-09E case, on March 27, 2012, Defendant was arraigned, pleaded not guilty to the charges in the Indictment, and was ordered temporarily detained by Magistrate Judge Baxter pending a detention hearing, which she scheduled for April 3, 2012. On April 3, 2012, the detention hearing was held and Magistrate Judge Baxter ordered Defendant released on a $5000 unsecured bond with conditions of release requiring weekly reporting to the Pretrial Services Office and a curfew from 7:00 p.m. to 7:00 a.m. Prior to Mr. Ollie posting bond, on Friday, April 6, 2012, the Government filed a Motion for Immediate Stay and Appeal of Release Order. On Monday, April 9, 2012, we granted the Government's Motion and ordered that the Order Setting Conditions of Release be stayed pending the outcome of the Government's appeal, and that the Defendant be temporarily detained until further order of Court. On April 10, 2102, we set a detention hearing for April 19, 2012.

With respect to the CR12-18E case, Defendant was indicted on April 10, 2012. On April 17, 2012, he was arraigned, pleaded not guilty and was ordered detained by Magistrate Judge Baxter pending the April 19, 2012 detention hearing already scheduled for the CR12-09E case.

On April 19, 2012, we held a detention hearing and after hearing evidence found that: (1) the Government had met its burden of proving by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and of the community; and (2) after carefully considering the evidence and the factors set forth in 18 U.S.C. § 3142(g), pretrial detention was warranted. Accordingly, we ordered Defendant detained pending trial.

18 U.S.C. § 3145(a) states that "[i]f a person is ordered released by a magistrate judge . . . (1) the attorney for the Government may file, with the court having jurisdiction over the offense, a motion for revocation of the order . . . . The motion shall be determined promptly." Id. From the date the Government appealed Magistrate Judge Baxter's release order to the date the detention hearing was held and the decision made that Defendant was to be detained pending trial was 13 days. We find that a 13 day time period between the motion begin filed and the hearing being held was a prompt determination.

**II. Whether Defendant should be released from detention.**

Finally, Defendant argues that based upon the following verbatim quotation from his Motion, he should be released:

> The nature of the charges against Petitioner do not compel a conclusion of future dangerousness. In United States v. Jackson, 845 F.2d 1262 (5th Cir. 1988), The petitioner Mr. Ollie was currently held in the custody of the Commonwealth of Pennsylvania at the Erie County Jail on two felony burglary charges, and has been in custody since November 25, 2011, after his arrest. He has not made on those cases and, although Judge Baxter has ordered his release on the federal Indictment, he remained in jail at that time. Mr. Ollie was able to post the bail amount, however, he was not released because the Federal Government Appealed

3

the case. The pending burglary charges was base on the detention hearing held before Judge Baxter, the evidence regarding the November 25, 2011, Mr. Ollie was accused of burglarizing an occupied residence, without proof, stolen a Mossberg 12 gauge shotgun from a gun cabinet, and fled the scene with the gun in a white van. (Petitioner's Exhibit 1 [Magistrate Judge Baxter's Order Setting Conditions of Release for Defendant in CR12-09E]).

Mr. Ollie was alleged to have attempted to obtain a firearm by lying on an ATF Form 4473 alleged in a second indictment, and the subsequent burglary of a home and theft of a shotgun. The Magistrate Judge did provide sufficient weight in her consideration of the evidence which supported release from detention. There has not been any evidence provided by the Government that Mr. Ollie posed any danger to the community by the release of him, there is no outstanding protection from abuse order, it has expired in April 2012. There is no proof by the Government that Mr. Ollie attempted to obtain two firearms while being prohibited from firearm possession under federal law this information is hearsay.

. . .

Two prior unrelated convictions are subject to dispute and counsel was ineffective for actually admitting into evidence the protection from abuse order that that Mr. Ollie was not convicted of and has long expired and Mr. Ollie possession of firearm does not disqualify his for release. Mr. Ollie did not lie on the form because he did not fill the for out it was fill out by another person, which he signed it, and he explained to the investigator while he was incarcerated at the Erie County Prison during interrogation.

Supporting Brief, pp. 11-13.

Defendant has pleaded guilty in the CR12-09E case and is scheduled to go to trial in the CR12-18E case in August 2013. Federal Rule of Criminal Procedure 46, titled "Release from Custody; Supervising Detention," states in pertinent part:

> (a) Before Trial. The provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release.
>
> . . .
>
> (c) Pending Sentencing or Appeal. The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal. The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.

Fed.R.Crim.P. 46(a) and (c).

Given this atypical procedural posture, we will examine his request to be released from detention pursuant to both 18 U.S.C. ¶ 3142 ("Release or detention of a defendant pending trial") and 18 U.S.C. ¶ 3143 ("Release or detention of a defendant pending sentence or appeal").

18 U.S.C. ¶ 3142 states in relevant part:

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. ¶ 3142(f)(2)(B)  To the extent Defendant's request should be treated as being from a defendant pending trial, nothing argued by Defendant constitutes information "that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Id. Accordingly, assuming 18 U.S.C. ¶ 3142 is applicable in this case, we find no reason to reopen the detention hearing.

18 U.S.C. ¶ 3143 states in relevant part:

> (a) Release or detention pending sentence.--(1) Except as provided in paragraph (2) [not applicable here], the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. ¶ 3143. Applying this subsection to Defendant, "a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence," and who is "not" a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not

5

recommend a term of imprisonment," we find that Defendant has not provided this Court with any evidence from which we can find "by clear and convincing evidence that [Defendant] is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." Accordingly, 18 U.S.C. ¶ 3143(a) mandates that Defendant remain detained.

### III. Conclusion.

For the above reasons Defendant's MOTION UNDER 28 U.S.C.§ 2255 REQUEST THAT BAIL BE GRANTED DUE TO INEFFECTIVE ASSISTANCE OF TRIALCOUSEL'S FAILURE TO FILE AN APPEAL AS REQUESTED TO DO SO" must be denied.

### ORDER

AND NOW, this 17th day of May, 2013, it is HEREBY ORDERED, ADJUDGED AND DECREED that Defendant's MOTION UNDER 28 U.S.C.§ 2255 REQUEST THAT BAIL BE GRANTED DUE TO INEFFECTIVE ASSISTANCE OF TRIALCOUSEL'S FAILURE TO FILE AN APPEAL AS REQUESTED TO DO SO" is DENIED. Defense counsel shall provide Defendant with a copy of this Memorandum Opinion and Order.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
United States District Court Judge