UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 12-09E |
| ) | |
| JOSEPH LEE OLLIE ) | |
| ) | |

## ORDER SETTING SENTENCING HEARING

AND NOW, this 2nd day of October, 2013, Defendant Joseph Lee Ollie having entered a plea of guilty to Counts I and II of the Indictment filed at Criminal No. 1:12-CR-00009-MBC, and in accordance with the Sentencing Reform Act of 1984, 18 U.S.C. § 3551, *et seq.*, and the United States Sentencing Guidelines promulgated under that Act and the Sentencing Commission Act, 28 U.S.C. § 991 *et seq.*,

IT IS HEREBY ORDERED as follows:

1. A sentencing hearing in this matter shall be held on **January 21, 2014** at 2:30 p.m. in Courtroom A, United States Courthouse, 17 South Park Row, Erie, Pennsylvania.

2. The probation office shall prepare a Presentence Investigation Report ("PSR") in accordance with Federal Rules of Criminal Procedure 32(c) and 32(d). In accordance with Local Criminal Rule 32, the probation office shall disclose the tentative PSR to only the defendant, the defendant's attorney, and the attorney for the government no later **December 3, 2013**.

3. Pursuant to Local Criminal Rule 32.C.2, if either party disputes facts or factors contained in the PSR that are material to sentencing, or seeks the inclusion of additional facts or factors material to sentencing, it is that party's obligation to pursue

the administrative resolution of that matter through a presentence conference with opposing counsel and the probation officer no later than **December 17, 2013**.

4. No later than **December 17, 2013**, the probation officer shall notify the attorneys for the government and the defendant of those matters that have, or have not, been administratively resolved.

5. Following the 3 week time period for administrative resolution, the probation officer shall disclose the Presentence Investigation Report as may be amended, to the Court, the defendant, and the attorney for the government no later than **December 17, 2013**.

6. Each party shall file with the Court a "Position of [Defendant/Government] With Respect to Sentencing Factors," pursuant to Fed.R.Crim.P. 32(f) and § 6A1.2(b) of the U.S.S.G. no later than **December 24, 2013**. This pleading shall set forth any objections to the PSR and any anticipated grounds for: (a) departure from the advisory guidelines sentencing range; or (b) a sentence outside of the advisory guideline sentencing range, pursuant to the provisions of 18 U.S.C. § 3553(a). The party's Position with Respect to Sentencing Factors shall be accompanied by a written statement certifying that filing counsel has conferred with opposing counsel and with the probation officer in a good faith effort to resolve any disputed matters.

7. A party may file a response to the opposing party's Position with Respect to Sentencing Factors no later than **December 31, 2013**.

8. After receiving the parties' positions, the probation officer shall make any necessary investigation and revisions to the PSR. No later than **January 7, 2014**, the probation officer shall prepare and serve an addendum to the PSR that sets forth any unresolved objections to the PSR, the grounds for those objections, the responses thereto, and the

probation officer's comments thereon.  The probation officer shall certify that the PSR, together with any revision thereof and any addendum thereto, has been disclosed to the defendant and all counsel of record, and that the addendum fairly sets forth any remaining objections and responses.

9. No later than **January 14, 2013**, a party may file supplemental information or a memorandum with respect to sentencing of the defendant, and shall serve the same upon the probation officer.  If counsel for the defendant intends to submit letters to the Court for consideration at sentencing, said letters should be electronically filed at least seven calendar days before sentencing.  Opposing counsel may file a response to any supplemental information or memorandum no later than three days before sentencing.

10. For good cause shown, the Court may allow additional information and memoranda, and the responses thereto, to be raised at any time prior to the imposition of sentence.

                                              ___*/s/ Maurice B. Cohill, Jr.*_____
                                              Maurice B. Cohill, Jr.
                                              Senior United States District Judge